```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
7-ELEVEN, INC.,

                    Plaintiff,                              **ORDER ADOPTING REPORT
                                                             AND RECOMMENDATION**
         - against -                                         16-CV-4116 (RRM) (SJB)

Z-ELEVEN CONVENIENCE STORE INC.,

                    Defendant.
------------------------------------------------------------------X
```
ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff 7-Eleven, Inc. ("7-Eleven") commenced this action against defendant Z-Eleven Convenience Store Inc. ("Z-Eleven") alleging trademark infringement and dilution under Sections 32, 43(a), and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and (c), as well as New York State law. (Compl. (Doc. No. 1) at 8–10.) The defendant has not answered 7-Eleven's complaint or otherwise appeared in this case. The Clerk of Court noted the defendant's default, and 7-Eleven then moved for default judgment and for a permanent injunction. (Entry of Def. (Doc. No. 19); Mot. for Def. J. (Doc. No. 14); Mot. for Perm. Inj. (Doc. No. 21).) The Court referred the motion to Magistrate Judge Scanlon for a Report and Recommendation ("R&R"). (11/16/2017 Min. Entry.) The case was later reassigned to Magistrate Judge Bulsara. (09/09/2017 Min. Entry.)

      On January 17, 2018, Judge Bulsara issued an R&R recommending that 7-Eleven receive $80,000 in statutory damages.[1] (R&R (Doc. No. 30).) In addition, Judge Bulsara recommended that 7-Eleven's motion for a permanent injunction be granted, to include the following relief:

      1)   Z-Eleven is permanently enjoined from the use or infringement of 16 protected marks held by 7-Eleven;

---

[1] The facts are set forth in the R&R, and familiarity with them is presumed.

2) Z-Eleven is required to remove the storefront sign and banner affixed to their Brooklyn store;

3) Z-Eleven may not replace the banner with any sign that uses the term "Z-Eleven" or infringes on 7-Eleven's 16 marks; and

4) Z-Eleven may not sell or market any product of service that infringes on 16 protected marks held by 7-Eleven.

Judge Bulsara also recommended that 7-Eleven's request for the assistance of the U.S. Marshals Service in removing Z-Eleven's storefront signs be denied, and that 7-Eleven's request for attorney's fees and costs be denied as moot, in light of the withdrawal of that portion of their motion.

Judge Bulsara reminded the parties that, pursuant to Federal Rule of Civil Procedure ("Rule") 72, any objections to the R&R must be filed within 14 days of receipt. (R&R at 25.) 7-Eleven properly served Z-Eleven with a copy of the R&R. (Doc. No. 33.) No party has filed any objection, and the time to do so has since expired.

Pursuant to 28 U.S.C. § 636(b) and Rule 72, the Court has reviewed the R&R for clear error and, finding none, concurs with the R&R in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

Accordingly, it is hereby ORDERED that default judgment be entered in favor of 7-Eleven as against Z-Eleven in the total amount of $80,000 in statutory damages.

It is FURTHER ORDERED that a permanent injunction issue against Z-Eleven in a Judgment and Order of Permanent Injunction to be entered separately. Judge Bulsara's R&R outlines the broad contours of the injunctive relief to be granted. The language in the Judgment and Order of Permanent Injunction particularizes more specifically the conduct and the parties

enjoined. This is necessary for two reasons. First, such specificity is required pursuant to Rule 65(d), and ensures that the order is not overbroad. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 144-45 (2d Cir. 2011) (noting that a purpose of Rule 65(d) is "to prevent uncertainty and confusion on the part of those to whom the injunction is directed") (citation omitted); *Petrello v. White*, 533 F.3d 110, 114 (2d Cir. 2008) (Rule 65(d) is satisfied "only if the enjoined party can ascertain from the four corners of the order precisely what acts are forbidden or required.") Second, in order to ensure that the relief ordered is effective, the annexed order binds those who may be affiliated with or acting in active concert with Z-Eleven in the infringing conduct. F.R. Civ. P. 65(d)(2); *see also*, *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945) (noting that Rule 65 ensures that a defendant cannot "nullify" an injunction "by carry out prohibited acts through aiders and abettors" who were "not parties to the original proceeding.") The Court will retain jurisdiction over this action in order to ensure compliance with the Judgement and the Order of Permanent Injunction.

    Within three days of the date of this Order, 7-Eleven is ORDERED to serve a copy of this Order Adopting Report and Recommendation, and the accompanying Judgment and Order of Permanent Injunction on Z-Eleven as follows: 1) by e-mail to vampire72a@yahoo.com; and 2) by U.S. Postal Service to Z-Eleven Convenience Store Inc., 721 Henry Street, Brooklyn, NY 11231. In addition, the Judgment and Order of Permanent Injunction shall also be served by publication pursuant to N.Y.C.P.L.R § 316 in one newspaper in the English language most likely to give notice to defendant Z-Eleven and its agents, servants, employees, attorneys, and all those persons in active concert or participation with them. Within one week of the completion of all such service, 7-Eleven shall file a letter with the Court confirming compliance.

Upon entry of the Judgment and Order of Permanent Injunction, the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
      March 26, 2018

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge